[Crim. No. 5091.  Second Dist., Div. Three.  Mar. 5, 1954.]

THE PEOPLE, Respondent, v. JOHN R. WALKER, Appellant.

Al Matthews for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

SHINN, P. J.—John R. Walker and Mural Tashjian were charged jointly with the crime of burglary with explosives. (Pen. Code, § 464.) On the first trial the jury was unable to agree on a verdict. Prior to the second trial Mural Tashjian pleaded guilty to the crime of second degree burglary. Walker was convicted in a second jury trial. He appeals from the judgment of conviction and from an order denying his motion for a new trial.

The evidence upon which appellant was convicted consisted of the testimony of his alleged accomplice, Tashjian, and certain other items of evidence tending to corroborate this testimony. The only question raised on appeal is whether the additional evidence was sufficient corroboration of the testimony of the accomplice, as required by section 1111 of the Penal Code.

The facts were as follows: About 4:30 a. m., January 12, 1953, two police officers noticed light coming from the Devonshire Inn and left their patrol car to investigate. Upon announcing themselves to those within, they saw three men run away from the rear of the premises. One of these

three, Mural Tashjian, was apprehended, but the other two escaped. Both officers testified that one of the two who escaped was similar in build and stature to appellant.

Examination of the premises revealed that a hole had been cut through the roof of the building, and that the lower panel of the door separating the room thus entered from a room containing two floor safes had been removed. The two safes bore marks of an acetylene torch and their tops had been partially removed. The rear door of the inn was open but the circuit of the burglar alarm had been bridged at that point by a wire with clips attached to its ends called a jumper wire. A jumper wire is a length of wire used to close breaks in electric circuits. In the area behind the inn were found a portable radio and two suitcases. The radio was found to emit only Los Angeles police calls. Among the varied items found in the suitcases were a complete oxyacetylene torch outfit in good working order, welder's goggles, wrecking bars, an ice pick, a rubber mallet, pinhole flashlight, a saw and blades, wrenches, a rope, a cement drill, bits and another jumper wire.

On the evening of the day of the burglary, appellant registered at a hotel under a fictitious name, although his rent at his usual residence was paid about a week in advance. The following morning he was arrested as he left the hotel.

The next day the police opened a garage in Hollywood with a key which had been in appellant's possession when he was arrested, and found, among other items, a cardboard box which contained various papers which will be discussed below.

Appellant's codefendant, Tashjian, testified that appellant participated in the burglary, and described it in detail. The independent evidence connecting appellant with the crime was as follows:

The portable radio found at the rear of the Devonshire Inn had been greatly modified. The original tuning circuit had been removed and a crystal detector circuit had been installed, so that the frequencies detected depended on the frequency of the crystal inserted in the circuit. The crystal in the set responded only to the frequency of the Los Angeles district police calls. In appellant's car was found a crystal which responded to the frequency used by the Los Angeles police for outlying districts. A packing slip for two crystals of corresponding description was found among appellant's papers in the garage. In the same place there were found radio circuit diagrams which showed the original wiring of

the set and all of the modifications which had been made in the set. Appellant was well versed in the fields of electricity and radio, and testified as an expert witness in his own behalf. His explanation of this evidence was that he had been commissioned by one Jack Arthur to convert the radio for installation on Mr. Arthur's motorcycle. Although defense witnesses testified that Jack Arthur existed and had had some dealings with appellant, this person was not produced by the defense, and the police produced evidence of a fruitless search for such person or a motorcycle registered to such person. An expert witness for the prosecution testified that the radio in question was not suitable for installation on a motorcycle.

Also among the effects found in the garage were a sales slip for two wrecking bars, two ice picks and a rubber mallet. A clerk at the store which had issued the sales slip testified that the items had been purchased in January, 1953, and that the five items set forth on the sales slip resembled the corresponding items found in the two suitcases. Some months before the burglary appellant repaired and adjusted the sound system of the Devonshire Inn, making numerous calls during a 10-day period. Appellant admitted that he knew Tashjian and the third man prior to January 12, 1953.

■ The rule as to the legal sufficiency of corroboration was stated in *People* v. *Trujillo,* 32 Cal.2d 105, 110 [194 P.2d 681]: "Such corroboration must create more than a suspicion of guilt, but is sufficient even though it 'be slight and, when standing by itself, entitled to but little consideration.' (*People* v. *Negra,* 208 Cal. 64, 69 [280 P. 354]; *People* v. *Wilson,* 25 Cal.2d 341, 347 [153 P.2d 720]; *People* v. *Shaw,* 17 Cal.2d 778, 803 [112 P.2d 241]; *People* v. *Yeager,* 194 Cal. 452, 473 [229 P. 40].) It is sufficient when the evidence offered as corroborative tends to connect a defendant with the commission of the crime in such a way as reasonably may satisfy a jury that the accomplice is telling the truth." The briefs discuss at length statements found in earlier cases which, it is assumed, lay down a different approach to the question. (See *People* v. *Kempley,* 205 Cal. 441, 461 [271 P. 478].) The discussion is purely academic. ■ The evidence we have summarized was ample to supply the corroboration of the testimony of the accomplice which the law requires.

The judgment and order appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.